UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14016-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELIZA WESLEY RAMSDELL,

    Defendant.
_____/



FILED by _____ D.C.

NOV 1 4 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL [D.E. #393]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion and the government's response, makes the following recommendations to the District Court.

1. The present motion was filed by the Defendant pro se and specifically states that the Defendant is moving to have counsel appointed "to evaluate her case for resentencing in light of the recent Supreme Court ruling in Alleyene v. United States." The present motion is not a motion to vacate under § 2255 nor is it a motion for resentencing. It is merely a motion for appointment of counsel to "evaluate" whether or not the Defendant is entitled to relief.

2. The United States Supreme Court in Alleyne v. United States, 133 S.Ct. 2151 (2013) found that the issue of whether or not a defendant had in fact brandished a firearm as opposed to merely carrying that firearm in connection with a crime of violence was an element of separate, aggravated offense which had to be found by a jury. This Court will point in this case, the Defendant Ramsdell pled guilty pursuant to a written plea agreement

and a written stipulated factual basis in respect to her involvement in the armed robberies. The Defendant Ramsdell pled guilty to conspiracy to commit robbery, robbery, and brandishing a firearm during and in relation to a crime of violence. Judge Moore sentenced the Defendant on September 18, 2009 to a term of fifty-one (51) months to be served concurrently in respect to Counts One and Two which were the conspiracy to commit robbery and the robbery convictions. The Defendant Ramsdell was thereafter sentenced to serve eight-four (84) months pursuant to Count Three, the brandishing of a firearm during and in relation to a crime of violence conviction and that sentence was to be served consecutive to the other sentence imposed by Judge Moore.

3. The Supreme Court in Alleyene did not specifically state that this new holding is to be applied retroactively. The Sixth Circuit Court of Appeals in United States v. Wimberly, 2013 WL 3214988 (6th Cir. 2013), specifically found that where the defendant Wimberly entered a guilty plea and specifically admitted to discharging a firearm, that was sufficient to take the case outside of the limited holding of the Supreme Court in Alleyene.

4. The Tenth Circuit Court of Appeals in In re James Edward Payne, 2013 WL 5200425 (10th Cir. 2013), has specifically held that the Alleyene decision is not to be applied retroactively unless the Supreme Court specifically states that it shall be retroactively applied in cases of this type. While the Eleventh Circuit Court of Appeals has not yet specifically ruled on that issue, District Courts in the State of Florida have found that Alleyene will not be retroactively applied on collateral review. United States v. Swatzie, 2013 WL 5566488 (N.D. Fla. 2013).

5. The government's response goes into detail as to why the Defendant is not entitled to resentencing. However, this Court is not ruling on whether or not the Defendant

is entitled to a resentencing nor the validity of the facts she sets forth in her motion for appointment of counsel which relate to any arguments concerning resentencing. There is no motion pending before this Court for resentencing nor for any other collateral relief. This is merely a motion for appointment of counsel.

6.  There is no statutory or constitutional right for counsel in respect to a resentencing request or a request to reduce sentence. The decision to appoint counsel is left to the discretion of the Court. United States v. Saintil, 2013 WL 4838821 (11th Cir. 2013) and United States v. Mitchell, 330 Fed. Appx. 811 (11th Cir. 2009). Even if this matter was considered to be a habeas petition filed pursuant to § 2255, the Defendant would not automatically be entitled to appointment of counsel unless the District Court found that an evidentiary hearing was necessary wherein counsel would be of assistance. Reeves v. United States, 2012 WL 87200 (S.D. Fla. 2012).

7.  As stated previously herein, this Court is not ruling nor commenting upon the underlying validity of the claims asserted by the Defendant nor her entitlement to resentencing. Likewise, this Court is not ruling upon the issue of whether or not Alleyne, supra, is to be applied retroactively. All this Court is doing is reviewing the request for appointment of counsel and finds that the Defendant is not constitutionally entitled to appointment of counsel "to evaluate her case for resentencing."

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion For Appointment Of Counsel to "evaluate her case for resentencing "[D.E. #393] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ___14th___ day of November, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Rinku Tribuiana

Eliza L. Ramsdell
Reg. No. 76110-004
FCI Aliceville
P.O. Box 4000
Aliceville, Alabama 35442